IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DAVID S. HASTINGS,**
as Father and Co-Guardian of
**CHASE MAVERICK HASTINGS,**

    **Plaintiff,**

vs.                                                          Case No. 4:18cv345-WS/CAS

**COMMUNITY BANK & TRUST,**
**KELLI E. ROSS, KEVIN ROSS, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, a prisoner proceeding pro se and with in forma pauperis status, has filed a motion requesting permission to file an amended complaint or, in the alternative, to request the appointment of counsel. ECF No. 17. Plaintiff argues that Federal Rule 17(a)(1) specifies that the capacity to sue or be sued is governed by state law and that Florida law states that a child's guardian can sue on behalf of the child. *Id.* at 2. Plaintiff simultaneously submitted a proposed "second amended complaint" with this motion, ECF No. 17-1.

Plaintiff, a prisoner currently incarcerated in the Florida Department of Corrections, initiated this action nearly one year ago. ECF Nos. 1-3. Plaintiff was granted in forma pauperis status in October 2018, ECF No. 6, and after payment of a partial filing fee, ECF No. 7, Plaintiff filed a first amended complaint on December 10, 2018. ECF No. 8. After review, an Order was entered on January 9, 2019, advising Plaintiff that he could not file a lawsuit on behalf of his son. ECF No. 10 at 2. In particular, Plaintiff was informed that while a party has the right to appear pro se, a party does not have the right to represent the interests of others. ECF No. 10 at 3 (quoting Franklin v. Garden State Life Ins., 462 F.App'x 928, 930 (11th Cir. 2012), and citing 28 U.S.C. § 1654). Because Plaintiff was not a lawyer, he could not bring this action on behalf of his son. Id. (citing Devine v. Indian River Cnty. Sch. Bd., 121 F.3d 576, 581 (11th Cir. 1997), overruled in part on other grounds, Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 127 S.Ct. 1994, 2006-07, 167 L.Ed.2d 904 (2007)). Plaintiff was informed that while FED. R. CIV. P. 17(c) "permits authorized representatives, including parents, to sue on behalf of minors, [it] does not confer any right upon such representatives to serve as legal counsel." Devine, 121 F.3d at 581 (quoted in ECF No. 10 at 4). In other words, although a parent or duly

appointed guardian has the capacity to sue on behalf of a child, they do not have a legal ability or right to do so if not an attorney.  Put simply, one's capacity to sue "is a separate and distinct consideration from whether one has the 'ability to proceed pro se in civil actions in federal court on [another person's] behalf.'"  <u>Bar-Navon v. Sch. Bd. of Brevard Cnty.</u>, No. 6:06cv1434, 2006 U.S. Dist. LEXIS 78408, at *4-5 (M.D. Fla. Oct. 27, 2006) (citing <u>Devine</u>, 121 F.3d at 581) (quoted in ECF No. 10 at 4).  Pursuant to the Order entered on January 9, 2019, Plaintiff was directed to either obtain counsel and have a notice of appearance filed in this case or, in the alternative, file a notice of voluntary dismissal if he was unable to retain counsel to represent his son's interests in this litigation.  ECF No. 10.

Since then, Plaintiff has been granted three extensions of time in which to comply.  ECF Nos. 11-12, 13-14, and 15-16.  As of May 31, 2019, he had not complied.  Instead, Plaintiff filed the instant motion, ECF No. 17, and proposed amended complaint, ECF No. 17-1.  Because the law is clear that "[a]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause,'" <u>Bar-Navon</u>, 2006 U.S. Dist. LEXIS 78408, at *5 (citations omitted), Plaintiff cannot proceed in this case as "father and co-guardian" of his son.  Nevertheless, that part of

the motion which requests permission to file an amended complaint, ECF No. 17, should be granted. Doing so will permit review of the factual allegations and claims to determine whether Plaintiff's motion requesting the appointment of counsel should be granted.

Accordingly, Plaintiff's proposed amended complaint, ECF No. 17-1, has been reviewed. Plaintiff's proposed amended complaint presents only state law claims; no federal question is raised in this case. *See* ECF No. 17-1 at 2, 9-30. The Defendants named in the complaint are: Suntrust Bank of Florida; Kelli E. Ross, who resides in Florida; Kevin Ross, who resides in Florida; Community Bank and Trust of Florida; Lee Ebanks, who resides in Florida; and several John and Jane Doe Defendants, all of whom are alleged to be residents of Florida. ECF No. 17-1 at 2-3.

"'Federal courts are courts of limited jurisdiction' and 'possess only that power authorized by' Congress or the Constitution." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (quoted in Word v. U.S. Commodity Futures Trading Comm'n, — F.3d —, 2019 WL 2223609, at *3 (11th Cir. May 23, 2019)). "[T]he party invoking the court's jurisdiction bears the burden of proving the existence of federal jurisdiction." Bishop v. Reno, 210 F.3d 1295, 1298

(11th Cir. 2000) (cited in Hallett v. Ohio, 711 F. App'x 949 (11th Cir. 2017)).

"Subject matter jurisdiction in federal court can be established through one of three alternatives: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997) (cited in Hallett, 711 F. App'x at 949).

In this case, Plaintiff's claims are not based on a federal statute and there is no federal question to be decided. Accordingly, the only basis for subject matter jurisdiction is if Plaintiff demonstrates this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Pursuant to that statute, district courts have jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). That statutory requirement, "citizens of different States," has been interpreted to mean there must be "complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89, 126 S. Ct. 606, 613, 163 L. Ed. 2d 415 (2005) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996)).

Case No. 4:18cv345-WS/CAS

Here, diversity jurisdiction is lacking for several reasons. First, Plaintiff desires to bring this action to represent his minor son. The relevant statute provides that "the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." 28 U.S.C. § 1332(c)(2). Because Plaintiff's "special needs son" is a resident of Florida, ECF No. 17-1 at 4, Plaintiff and the Defendants are residents of the State of Florida. *See, supra* at 4. Thus, diversity jurisdiction is lacking based on the residency of the parties.

Additionally, Plaintiff has not requested a specific amount of damages. Although the complaint *indicates* that damages are over one hundred thousand dollars, *see*, e.g., ECF No. 17-1 at 19, Plaintiff did not request a specific amount as relief. Thus, he has not demonstrated that this case "exceeds the sum or value of $75,000.00."

Because diversity jurisdiction is lacking, there is no basis to appoint an attorney to represent Plaintiff or his son. If there is a viable claim to pursue, it must be done in state court. Therefore, it is recommended that Plaintiff's amended complaint, ECF No. 17-1, be dismissed for lack of subject matter jurisdiction and because Plaintiff as a pro se party cannot represent the interests of his son.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion requesting the appointment counsel, ECF No. 17, be **DENIED,** but that the motion requesting leave to amend the complaint, ECF No. 17, be **GRANTED**.  Notwithstanding, it is **RECOMMENDED** that this case be **DISMISSED** for lack of subject matter jurisdiction and because the pro se Plaintiff cannot represent the interests of another person.

**IN CHAMBERS** at Tallahassee, Florida, on June 18, 2019.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on**

**appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**